**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANICA ASHBOURNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-752 (EGS) |
| | ) |
| DONNA HANSBERRY, *et. al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Anica Ashbourne ("Ms. Ashbourne"), an attorney proceeding *pro se*, brings this action against the U.S. Treasury Department ("Treasury") Secretary in his official capacity and three Treasury employees—Donna Hansberry, Donna Prestia, and Thomas Collins—in their official and individual capacities. Ms. Ashbourne also sues the U.S. Department of Homeland Security ("DHS") Secretary in his official capacity and two DHS employees—James Trommatter and Thomas Harker—in their individual and official capacities. Ms. Ashbourne alleges that the defendants violated the Privacy Act, 5 U.S.C. § 552a, *et seq.*, and denied her due process in violation of the Fifth Amendment.[1] Pending before the Court is (1) defendants' motion to dismiss

---

[1] Ms. Ashbourne also purports to sue defendants under the Fourteenth Amendment. However, the Fourteenth Amendment applies only to states and not to the federal government. *See Bolling v. Sharpe,* 347 U.S. 497, 499-500 (1954).

1

Ms. Ashbourne's complaint, *see* Defs.' Mot. to Dismiss, ECF No. 8;[2] (2) Ms. Ashbourne's motion for an extension of time to serve the individual defendants and use alternative means of service of process, *see* Pl.'s Service Mot., ECF No. 13; and (3) Ms. Ashbourne's motion to stay the case, *see* Pl.'s Mot. to Stay, ECF No. 2. Upon consideration of the motions, the responses, the replies, and the applicable law, (1) the defendants' motion to dismiss is **GRANTED in PART** and **DENIED in PART**; (2) Ms. Ashbourne's service motion is **DENIED**; and (3) Ms. Ashbourne's motion to stay is **GRANTED**, albeit on different grounds.

I.    **Ms. Ashbourne's Claims Against the Treasury Secretary and the Individual Treasury Employees are Dismissed**

Ms. Ashbourne sues the Treasury defendants in their official and individual capacities for Privacy Act and due process violations, alleging they "falsified [her] personnel records and then used those records to publicly terminate [her] amidst stigmatizing charges of dishonesty." Compl., ECF No. 1 ¶¶ 2-4,

---

[2] Government counsel does not represent three of the individual defendants—Donna Prestia, Thomas Harker, and James Trommatter—in their individual capacities because these individuals have not been served and have not sought legal representation from government counsel. *See* Defs.' Mot. to Dismiss, ECF No. 8 at 1, n.1. Government counsel "advises that the claims against them should be dismissed for reasons also applicable to the other individual defendants and present[s its arguments on behalf of all defendants] as a statement of interest." *Id.* (citing 28 U.S.C. § 517 ("[A]ny officer of the Department of Justice, may be sent to . . . any . . . district in the United States to attend to the interests of the United States in a suit pending in a court of the United States."))

7. The defendants move to dismiss these claims against as barred under the doctrine of *res judicata*.[3] *See* Defs.' Mot. to Dismiss, ECF No. 8 at 14-15.[4] In *Ashbourne v. Hansberry* ("*Ashbourne I*"), Ms. Ashbourne sued the same defendants for allegedly violating the Privacy Act and the Fifth Amendment.[5] Civ. No. 12-1153-BAH, 2015 WL 11303198 at *5 n. 6 (D.D.C. Nov. 24, 2015). Chief Judge Howell dismissed Ms. Ashbourne's due process claim and granted defendants' motion for summary judgment as to the Privacy Act claims. *Id.*, *aff'd* 703 Fed. Appx. 3 (Mem.) (D.C. Cir. 2017).

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "Under claim preclusion, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in [a prior] action.'" *Sheppard v. District of Columbia*, 791 F. Supp. 2d 1, 4 (D.D.C. 2011) (quoting *Drake v. FAA*, 291 F.3d 59, 66

---

[3] Defendants make several other arguments in support of their motion to dismiss, although it is not altogether clear whether these arguments pertain to all of the defendants or just the DHS defendants. *See generally*, Defs.' Mot. to Dismiss, ECF No. 8. Regardless, the Court need not reach these additional arguments.
[4] When citing electronic filings throughout this opinion, the Court cites to the ECF page number, not the page number of the filed document.
[5] Ms. Ashbourne brought her due process claim pursuant to 42 U.S.C. § 1983. *See Ashbourne I*, Civ. No. 12-1153-BAH, 2015 WL 11303198 at *5 n. 6 (D.D.C. Nov. 24, 2015).

(D.C. Cir. 2002))(additional citation omitted). To determine whether the claims are barred by res judicata, the Court considers "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Nat. Res. Def. Council v. EPA*, 513 F.3d 257, 260 (D.C. Cir. 2008) (quotation and citation omitted).

In *Ashbourne I*, Ms. Ashbourne sued the Treasury Department, Ms. Hansberry, Ms. Prestia, and Mr. Collins for due process and Privacy Act violations, alleging that the defendants (1) failed to maintain accurate records, (2) improperly disclosed her protected records, and (3)damaged her reputation by making "stigmatizing charges [that] were false," in violation of due process. *See* Consolidated Am. Compl., ECF No. 49 (*Ashbourne I*, 12-cv-1153). In this case, Ms. Ashbourne alleges that the same defendants "falsified [her] personnel records and then used those records to publicly terminate [her] amidst stigmatizing charges of dishonesty." Compl., ECF No. 1 ¶¶ 2-4, 7. Her present case is therefore barred against the Treasury defendants because it involves the same defendants, implicates the same underlying facts, and encompasses the same Privacy Act and due process claims that were previously litigated in *Ashbourne I*. *See* 2015 WL 11303198; *see also Ashbourne v. Hansberry* ("*Ashbourne II*"),

4

245 F. Supp. 3d 99, 103-06 (D.D.C. 2017)(dismissing as barred by res judicata Ms. Ashbourne's Title VII claims against the same defendants)(appeal pending).[6]

Ms. Ashbourne's argument to the contrary, that res judicata does not bar her claims against the Treasury defendants because she added new DHS defendants, is unavailing. *See* Pl.'s Opp'n Mot. to Dismiss, ECF No. 11 at 6-7. Rather than alleging new claims against the Treasury defendants, Ms. Ashbourne reasserts the same claims that were already litigated in *Ashbourne I*. *Compare* Compl., ECF No. 1, *with* Consolidated Am. Compl., ECF No. 49 (*Ashbourne I*, 12-cv-1153). Adding three defendants to her complaint does not entitle her to re-litigate the same, fully adjudicated claims against the Treasury defendants. *See Sparrow v. Reynolds*, 646 F. Supp. 834, 838 (D.D.C. 1986) (dismissing plaintiff's claim as barred by res judicata despite the addition of at least one new defendant). Ms. Ashbourne's claims against the Treasury Secretary and individual defendants Donna Hansberry, Donna Prestia, and Thomas Collins in their individual and official capacities are therefore **DISMISSED WITH PREJUDICE**.

---

[6] *See* Case No. 17-5136 (oral argument scheduled for April 30, 2018).

## II. Ms. Ashbourne's Claims Against the DHS Employees in Their Individual Capacities are Dismissed

Ms. Ashbourne sues the DHS employees—Mr. Trommatter and Mr. Harker—in their individual capacities for violations of due process and the Privacy Act. Compl., ECF No. 1 ¶¶ 5, 6. The defendants move to dismiss these claims pursuant to (1) Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction; (2) Federal Rule of Civil Procedure 12(b)(4) for insufficient process; (3) and Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Defs.' Mot. to Dismiss, ECF No. 8 at 12. Defendants also move to dismiss the Privacy Act claims because the Privacy Act does not authorize claims against individuals. *Id*. at 15-16.

Ms. Ashbourne does not dispute that she has not served Mr. Trommatter and Mr. Harker in their individual capacities. *See generally* Pl.'s Opp'n, ECF No. 11 at 8-9. In a separate motion, She moves for an extension of time to serve them, stating that she attempted service by mail to their home addresses, but that the mail was marked "return to sender" and "unable to forward." *See* Pl.'s Service Mot., ECF No. 13 at 1-2. Ms. Ashbourne also requests that the Court order government counsel to accept service on behalf of the individual defendants. *See id*. at 2.

Federal Rule of Civil Procedure 4(i)(3) requires that government employees sued in their individual capacities be

served as individuals within 90 days after the complaint is filed. *See Davison v. U.S. Dept. of State*, 113 F. Supp. 3d 183, 194 (D.D.C. 2015)("To serve a U.S. officer or employee in his or her individual capacity . . . 'a party [must] serve the United States and also serve the officer or employee.'")(quoting Fed. R. Civ. P. 4(i)(3)); Fed. R. Civ. P. 4(m). A Court must extend the plaintiff's time to serve if she can establish good cause for failure to serve within the 90 day timeframe. Fed. R. Civ. P. 4(m); *Battle v. District of Columbia*, 21 F. Supp. 3d 42, 44-45 (D.D.C. 2014)("A plaintiff bears a heavy burden when attempting to establish good cause for failure to effect service of process . . . . good cause means a valid reason for delay.") (internal citations and quotations omitted). If the employee is not timely served, the Court "must dismiss the action without prejudice . . . or order the defendant served within a specific period of time." Fed. R. Civ. P. 4(m).

The complaint in this case was filed on April 24, 2017. *See* Compl., ECF No. 1. Ms. Ashbourne filed her motion to extend her time to effect service 162 days later, 72 days after service was due. *See* Pl.'s Service Mot., ECF No. 13 (filed October 3, 2017). Far from providing a "valid reason" for her inability to timely serve Mr. Trommatter and Mr. Harker, Ms. Ashbourne provides no reason for the delay. *See Battle*, 21 F. Supp. 3d at 44-45. As such, Ms. Ashbourne has not met her burden to demonstrate good

cause. *Mann v. Castiel*, 681 F.3d 368, 375 (D.C. Cir. 2012)(affirming denial of plaintiffs' motion to extend time to effect service because plaintiffs did not provide a "valid reason" to do so). Because there is no ground for the Court to grant Ms. Ashbourne's request and it is undisputed that these individuals have not been served, the Court **DISMISSES WITHOUT PREJUDICE** the due process claims against James Trommatter and Thomas Harker in their individual capacities.[7]

Regarding Ms. Ashbourne's request for alternative service, the "elementary law of agency" is "clear" that "any agent who accepts service must be shown to have been authorized to bind his principal by the acceptance of process." *Schwarz v. Thomas*, 222 F.2d 305, 308 (D.C. Cir. 1955). For the Court to grant the motion, the individual defendants must authorize government counsel to accept service on their behalf. They have not done so. *See generally* Defs.' Opp'n to Service Mot., ECF No. 15. Therefore, the Court **DENIES** this request.

Despite Ms. Ashbourne's failure to properly serve these two defendants, the Court will consider the defendants' argument that the Privacy Act claims should be dismissed against Mr. Trommatter and Mr. Harker in their individual capacities in the

---

[7] Because the Court dismissed these claims against these defendants in their individual capacities pursuant to FRCP 4(m), the Court need not reach the defendants' other arguments. *See* Defs.' Mot. to Dismiss, ECF No. 8 at 12-22.

interest of judicial economy.[8] The defendants argue that the Privacy Act does not authorize suits against individual defendants. *See* Defs.' Mot. to Dismiss, ECF No. 8 at 15-16.

Ms. Ashbourne argues that her claim should proceed against the individual DHS defendants because she seeks criminal penalties and the Privacy Act provides for criminal penalties against individuals. *See* Pl.'s Opp'n Mot. to Dismiss, ECF No. 11 at 7-8 (citing 5 U.S.C. § 552a(i)).

The law is clear that "no [individual] cause of action exists" under the Privacy Act. *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006)(citing 5 U.S.C. § 552(a)(4)(B) (authorizing suit against an "agency"); 5 U.S.C. § 552a(g)(1) (same)). "Only agencies . . . are subject to the . . . Privacy Act." *Tyree v. Hope Vill., Inc.*, 677 F. Supp. 2d 109, 110 (D.D.C. 2009). Although section 552a(i) of the Privacy Act does provide criminal penalties for federal government employees who willfully violate certain aspects of the statute, Ms. Ashbourne cannot initiate criminal proceedings against Mr. Trommatter and

---

[8] "[T]he interest of judicial economy is served by reaching the merits of [Ms. Ashbourne's] claims against [individual defendants Mr. Trommatter and Mr. Harker] at this time, rather than delaying the inevitable by allowing [Ms. Ashbourne] to file another lawsuit against those Defendants containing the same meritless claims." *McManus v. District of Columbia*, 530 F. Supp. 2d 46, 68 (D.D.C. 2007)(citing *cf. Simpkins v. District of Columbia*, 108 F.3d 366, 369-70 (D.C. Cir. 1997)(affirming district court's dismissal on the merits, notwithstanding the plaintiff's failure to properly serve)).

Mr. Harker by filing a civil suit. *See Unt v. Aerospace Corp.*, 765 F.2d 1440, 1448 (9th Cir. 1985) (concluding that plaintiff cannot state a claim under section 552a(i) because it "generates no civil right of action"); *Lapin v. Taylor*, 475 F. Supp. 446, 448 (D. Haw. 1979) (concluding that the criminal penalties section of the Privacy Act is "solely a penal provision and creates no private right of action"); *Hills v. Liberty Mut. Ins.*, Civ. No. 14-328S, 2015 WL 1243337 at *2 (W.D.N.Y. March 18, 2015)(finding that section 552a(i) does not create a private right of action against individuals). Therefore, because Ms. Ashbourne cannot initiate a criminal suit and the Privacy Act does not otherwise allow claims against individuals, the Privacy Act claims against Mr. Trommatter and Mr. Harker in their individual capacities are **DISMISSED WITH PREJUDICE.**

### III. Ms. Ashbourne Stated a Privacy Act Claim Against the DHS Defendants in Their Official Capacities

The defendants move to dismiss Ms. Ashbourne's Privacy Act claims against the DHS defendants in their official capacities pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Defs.' Mot. to Dismiss, ECF No. 8 at 23-30.

To withstand a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations

omitted). A claim is facially plausible when the facts pled in the complaint allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The standard does not amount to a "probability requirement," but it does require more than a "sheer possibility that a defendant has acted unlawfully." *Id.* In making this determination, "a judge must accept as true all of the factual allegations contained in the complaint." *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quotations and citations omitted). The court must also give the plaintiff the "benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). As applicable here, a "pro se complaint is entitled to liberal construction." *Washington v. Geren,* 675 F. Supp. 2d 26, 31 (D.D.C. 2009) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)).

The Privacy Act is "a comprehensive and detailed set of requirements for the management of confidential records held by Executive Branch agencies." *FAA v. Cooper*, 566 U.S. 284, 287 (2012). The Act provides several "avenues for individuals to seek civil remedies for any violations." *Ashbourne I*, 2015 WL 11303198 at *6 (citing *Doe v. Chao*, 540 U.S. 614, 618 (2004)). The two such avenues relevant to Ms. Ashbourne's claims are subsections (g)(1)(C) and (g)(1)(D). *See* Compl., ECF No. 1 ¶¶

24-36. "Subsection (g)(1)(C) describes an agency's failure to maintain an adequate record on an individual, when the result is a determination 'adverse' to that person." *Doe v. Chao*, 540 U.S. at 619. "Subsection (g)(1)(D) speaks of a violation when someone suffers an 'adverse effect' from any other failure to hew to the terms of the Act." *Id.*

To state a claim under subsection (g)(1)(C), a plaintiff must show that: (1) she has been "aggrieved by an adverse determination"; (2) the agency "failed to maintain [her] records with the degree of accuracy necessary to assure fairness in the determination"; (3) the agency's "reliance on the inaccurate records was the proximate cause of the adverse determination"; and (4) the agency "acted intentionally or willfully in failing to maintain accurate records." *Chambers v. U.S. Dep't of Interior,* 568 F.3d 998, 1006 (D.C. Cir. 2009)(quotations and citations omitted). Ms. Ashbourne's complaint pleads all four.

First, she alleges that the defendants deemed her unsuitable for federal employment, "publicly terminat[ing] her." Compl., ECF No. 1 ¶¶ 5, 6, 8, 20, 21. Second, she alleges that the defendants failed to maintain accurate records by "intentionally and deliberately fail[ing] to verify facts" and "obtain[ing] [false] information from Donna Hansberry, Donna Prestia, and Thomas Collins." *Id.* ¶¶ 24-36. Third, Ms. Ashbourne alleges that the defendants "intentionally and deliberately relied on

12

falsified records," when they terminated her, knowing the records were "outdated, inaccurate, and unreliable." *Id.* Finally, Ms. Ashbourne pled that the defendants failed to maintain her records "intentionally and deliberately." *Id.* Accepting Ms. Ashbourne's factual allegations as true and drawing all reasonable inferences in her favor, it is plausible that the DHS defendants are liable for a violation of this section of the Privacy Act. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Ms. Ashbourne also stated an unlawful disclosure claim pursuant subsection (g)(1)(D). To state an unlawful disclosure claim, a plaintiff must show that "(1) the disclosed information is a 'record' contained within a 'system of records'; (2) the agency improperly disclosed the information; (3) the disclosure was willful or intentional; and (4) the disclosure adversely affected the plaintiff." *Feldman v. CIA*, 797 F. Supp. 2d 29, 38 (D.D.C. 2011) (quotations and citations omitted).

First, Ms. Ashbourne adequately pled that the disclosed information was her "personnel records." Compl., ECF No. 1 ¶¶ 5, 6, 24-36. Second, she pled that these private records were "publicly disclosed" to her "employing client, potential employers, and others." *Id.* ¶ 31. Ms. Ashbourne also pled that the defendants "intentionally and deliberately disseminated [the records] . . . that they knew [were] inaccurate and defamatory."

13

*Id.* ¶ 33. Finally, Ms. Ashbourne pled that this disclosure led to her termination. *Id.* ¶¶ 5, 6. Again, at this stage of the proceedings, it is plausible that the defendants are liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678.

The Court notes that defendants' relevant arguments rely on factual allegations that are not contained within the four corners of the Complaint, including that Ms. Ashbourne submitted the allegedly falsified records herself, that any disclosure is acceptable under the "routine use" exemption, and that Ms. Ashbourne provided consent for any disclosure. *See* Defs.' Mot. to Dismiss, ECF No. 8 at 23–30. Because a motion to dismiss "tests the legal sufficiency of a complaint," *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002), the Court may not rely on facts asserted by defendants in their briefings.

The defendants also argue that the alleged Privacy Act claims occurring before April 24, 2015 are time-barred because the Privacy Act contains a two-year statute of limitations. Defs.' Mot. to Dismiss, ECF No. 8 at 29–30 (citing 5 U.S.C. § 552a(g)(5)). "[B]ecause statute of limitations issues often depend on contested questions of fact, dismissal is appropriate only if the complaint on its face is conclusively time-barred." *Bregman v. Perles,* 747 F.3d 873, 875–76 (D.C. Cir. 2014) (quoting *de Csepel v. Republic of Hungary,* 714 F.3d 591, 603 (D.C. Cir. 2013)). A Court should therefore "hesitate to dismiss

a complaint on statute of limitations grounds" unless the
defendant has met its "heavy burden" to show that the complaint
is time-barred and there is no dispute as to "when the
limitations period began." *Feld Ent., Inc. v. Am. Soc'y for the
Prevention of Cruelty to Animals*, 873 F. Supp. 2d 288, 308
(D.D.C. 2012) (quoting *DePippo v. Chertoff,* 453 F.Supp.2d 30, 33
(D.D.C. 2006); *Turner v. Afro-American Newspaper Co.,* 572 F.
Supp. 2d 71, 72 (D.D.C. 2008)).

Defendants have not met this heavy burden because they do not
point to any specific allegation in the complaint that is time-
barred. *See* Defs.' Mot. to Dismiss, ECF No. 8 at 29-30. Instead,
the defendants summarily conclude that "any claim that accrued
before April 24, 2015 is time-barred." *Id.* at 30. It may well be
that some or all of Ms. Ashbourne's Privacy Act claims are
untimely, but the defendants have not met their burden to
establish that the specific allegations that are "conclusively
time-barred." *Bregman,* 747 F.3d at 875-76.

## IV. Ms. Ashbourne Stated a Due Process Claim Against the DHS Defendants in Their Official Capacities

Finally, the defendants move to dismiss Ms. Ashbourne's due
process claim against the DHS defendants in their official
capacities for failure to state a claim. Defs.' Mot. to Dismiss,
ECF No. 8 at 30-34. To determine whether a plaintiff stated a
due process claim, the Court must find that a plaintiff has been

"deprived of a protected interest" before determining if the government's procedures "comport with due process." *Gen. Elect. Co. v. Jackson*, 610 F.3d 110, 117 (D.C. Cir. 2010) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 59 (1999)).

Ms. Ashbourne argues that she was denied a liberty and property interest without due process. She first alleges that the defendants deprived her of her property interest in her company, Ashbourne & Company. Compl., ECF No. 1 at 1-2. However, Ms. Ashbourne does not describe how the government deprived her of that interest beyond a single, conclusory assertion in the introduction of her complaint. *See id*. Because there are no facts to support her allegation, it cannot withstand a motion to dismiss. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.").

Ms. Ashbourne's remaining argument is that she was deprived of a liberty interest when she was "publicly terminated amidst stigmatizing charges of dishonesty" without a "meaningful opportunity to be heard." Compl., ECF No. 1 at 1, ¶ 37. The defendants argue that Ms. Ashbourne has not sufficiently pled that she was deprived of a liberty interest because any injury to her reputation was not accompanied by a state action that altered her legal status. Defs.' Mot. to Dismiss, ECF No. 8 at

16

30-31. Because Ms. Ashbourne was a government contractor, the defendants argue that she "had no employment relationship with the government necessary to find a liberty interest." *Id.* (citing *Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 315 (4th Cir. 2012)).

"As a general rule, 'persons whose future employment prospects have been impaired by government defamation lack ... any constitutional protection for the interest in reputation.'" *McGinnis v. District of Columbia*, 65 F. Supp. 3d 203, 212 (D.D.C. 2014)(quoting *Trifax Corp. v. District of Columbia,* 314 F.3d 641, 643 (D.C. Cir. 2003)). There are, however, "narrow exceptions" to this principle. *Id.* at 212-13 (citing *Board of Regents v. Roth,* 408 U.S. 564 (1972)). "A claim for deprivation of a liberty interest without due process based on allegedly defamatory statements of government officials ... may proceed on one of two theories: a 'reputation-plus' claim or a 'stigma or disability' claim." *Fonville v. District of Columbia,* No. 02-2353, 38 F.Supp.3d 1, 11, 2014 WL 1427780, at *7 (D.D.C. Apr. 14, 2014). The "reputation-plus theory" is implicated when the government makes a "charge against [the employee] that might seriously damage his standing and associations in the community, and does so in connection with a termination or other change in employment status." *McGinnis*, 65 F. Supp. 3d at 213 (citing *Roth,* 408 U.S. at 573; *O'Donnell v. Barry,* 148 F.3d 1126, 1140

(D.C. Cir. 1998)). The stigma theory "provides a remedy where the terminating employer imposes upon the discharged employee a stigma or other disability that foreclosed [the plaintiff's] freedom to take advantage of other employment opportunities." *McCormick v. District of Columbia*, 752 F.3d 980, 988 (D.C. Cir. 2014)(citations and quotations omitted).

Defendants' contention that, as a government contractor,[9] Ms. Ashbourne lacks a sufficient "employment relationship" to state a liberty interest is unavailing. Defs.' Mot. to Dismiss, ECF No. 8 at 30-31(citing persuasive authority without citing or addressing binding precedent). The Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") has consistently recognized that a government contractor "may have a due process liberty interest in avoiding the damage to their reputation and business caused by the stigma of broad preclusion from

---

[9] The April 22, 2015 letter that states that Ms. Ashbourne is unsuitable for federal employment establishes that she is a contractor. *See* Ex. 1, Defs.' Mot. to Dismiss, ECF No. 8-1. While Ms. Ashbourne does not attach the letter to her complaint, the Court may take judicial notice of it because it is a document "upon which the plaintiff's complaint necessarily relies." *Ward v. District of Columbia Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (quoting *Hinton v. Corr. Corp. of Am.*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009)). Because the letter is central to Ms. Ashbourne's claims, the Court may consider it. *Marshall v. Honeywell Tech. Solutions, Inc.,* 536 F. Supp. 2d 59, 65 (D.D.C. 2008)("[W]here a document is referred to in the complaint and is central to the plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion [to dismiss] to one for summary judgment.")

government contracting." *Phillips v. Mabus*, 849 F. Supp. 2d 71, 83 (D.D.C. 2012) (citing *Reeve Aleutian Airways, Inc. v. United States*, 982 F.2d 594, 598 (D.C. Cir. 1993)). Indeed, in *Kartseva v. Department of State*, the D.C. Circuit found that the plaintiff—a government contractor who was fired based on a State Department internal memorandum regarding her suitability—stated a due process claim because the government's memo may have "formally or automatically" excluded her from work "on some category of future [government] contracts or from other government employment opportunities." 37 F.3d 1524, 1526 (D.C. Cir. 1994). So here too.

Ms. Ashbourne sufficiently alleged that the defendants characterized her as "negligent[]," "dishonest[]," and engaging in "misconduct." Compl., ECF No. 1 at ¶¶ 20-21. These allegations are corroborated by the April 22, 2015 letter, in which the Coast Guard determined that Ms. Ashbourne was "unsuitable" for federal employment due to her "employment misconduct or negligence" and her "dishonest conduct." Ex. 1, Defs.' Mot. to Dismiss, ECF No. 8-1. Defendants allegedly "publicly disclosed" this letter to Ms. Ashbourne's "employing client, potential employers, and others," while knowing she "would be terminated as a result." Compl., ECF No. 1 ¶¶ 6, 31. On these facts, the Court cannot determine that Ms. Ashbourne lacks a liberty interest as a matter of law. *See McGinnis*, 65 F.

Supp. 3d at 222 (finding that the plaintiff stated a due process claim "on the basis of the [allegedly defamatory] memo in her personnel file, which is allegedly available to prospective employers").

It may well be that Ms. Ashbourne received an opportunity to clear her name, but at this stage, the Court cannot evaluate the sufficiency of any process afforded. *See Ashbourne v. Hansberry*, 703 Fed. Appx. 4, 4-5 (D.C. Cir. 2017)(finding that Ms. Ashbourne was afforded adequate process because she could challenge the Treasury defendants' termination decision through affidavits with the help of counsel). Moreover, the defendants do not argue that Ms. Ashbourne received sufficient process. *See* Defs.' Mot. to Dismiss, ECF No. 8 at 30-32. The defendants' motion to dismiss the due process claim is **DENIED**.

## V. Further Proceedings are Stayed

Ms. Ashbourne moves to stay further proceedings pending the U.S. Equal Employment Opportunity Commission's ("EEOC") investigation of her Title VII complaint against DHS. *See* Pl.'s Mot. to Stay, ECF No. 2. The defendants oppose, arguing both claims can proceed separately. *See* Defs.' Opp'n Mot. to Stay, ECF No. 16.

"A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." *Hisler v. Gallaudet Univ.,* 344 F. Supp. 2d 29, 35

(D.D.C. 2004)(citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254
(1936)). "Indeed, a trial court may, with propriety, find it is
efficient for its own docket and the fairest course for the
parties to enter a stay of an action before it, pending
resolution of independent proceedings which bear upon the case."
*Id.* (quoting *Leyva v. Certified Grocers of Cal., Ltd.,* 593 F.2d
857, 863-64 (9th Cir. 1979)). The burden rests with the movant,
who "must make out a clear case of hardship or inequity in being
required to go forward." *Landis*, 299 U.S. at 255.

According to Ms. Ashbourne, her procedural predicament is that
she is currently unable to bring a Title VII discrimination
claim because she has not exhausted her EEOC administrative
remedies. Pl.'s Mot. to Stay, ECF No. 2. However, the Privacy
Act's statute of limitations would have prevented her from
bringing the Privacy Act claims if she waited for EEOC
adjudication. *Id.* The defendants argue that Ms. Ashbourne will
continue to retain the right to bring her Title VII claims after
EEOC adjudication. Defs.' Opp'n Mot. to Stay, ECF No. 16 at 6.

However, Ms. Ashbourne was in this same procedural posture in
*Ashbourne II*. In that case, Judge Kollar-Kotelly found that Ms.
Ashbourne's Title VII claims against the Treasury defendants,
brought after *Ashbourne I*, were barred by res judicata. The
Court found that Ms. Ashbourne "could have pursued her Title VII
claims . . . but did not seek to amend the complaint . . ., nor

has [she] presented any credible evidence that she sought a stay . . . to pursue her appeal with the EEOC." *Ashbourne II*, 245 F. Supp. 3d at 105(appeal pending).

If this Court does not stay the proceedings and the D.C. Circuit affirms Judge Kollar-Kotelly's decision in *Ashbourne II*, Ms. Ashbourne may be barred from bringing her Title VII claim(s) in the future. *See Ashbourne II*, 245 F. Supp. 3d at 105. At this point, the Court finds that Ms. Ashbourne makes out a "clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Furthermore, on this record, the Court cannot determine whether Ms. Ashbourne "has been fully able to bring [her Title VII] claims before this Court for more than four months," as defendants argue. Defs.' Opp'n Mot. to Stay 4-5, ECF No. 16.

Ms. Ashbourne's motion to stay is **GRANTED**, albeit not on Ms. Ashbourne's terms. Rather than stay the case pending EEOC adjudication, the case is stayed pending the D.C. Circuit's decision in *Ashbourne II*. The parties are directed to file on the docket their recommendations for further proceedings within fifteen days of the D.C. Circuit's decision in *Ashbourne II*, Case No. 17-5136.

## VI.  Conclusion

Accordingly, for the reasons set forth in this Memorandum Opinion it is **HEREBY ORDERED** that:

(1) the defendants' motion to dismiss [ECF No. 8] is **GRANTED in PART** and **DENIED in PART**;

(a) all claims against the Treasury Secretary and the individual Treasury defendants Donna Hansberry, Donna Prestia, and Thomas Collins are **DISMISSED WITH PREJUDICE;**

(b) the due process claims against James Trommatter and Thomas Harker in their individual capacities are **DISMISSED WITHOUT PREJUDICE;**

(c) the Privacy Act claims against James Trommatter and Thomas Harker in their individual capacities are **DISMISSED WITH PREJUDICE;**

(d) the Privacy Act claims against the DHS Secretary, James Trommatter and Thomas Harker in their official capacities shall go forward after the stay is lifted; and

(d) the due process claims against the DHS Secretary, James Trommatter and Thomas Harker in their official capacities shall go forward after the stay is lifted;

(2) Ms. Ashbourne's service motion [ECF No. 13] is **DENIED**; and

(3) Ms. Ashbourne's motion to stay [ECF No. 2] is **GRANTED**. The case is hereby stayed pending the D.C. Circuit's decision in *Ashbourne II*, Case No. 17-5136.

**SO ORDERED.**

**Signed:     Emmet G. Sullivan**
**            United States District Judge**
**            March 27, 2018**