## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANICA ASHBOURNE,

*Plaintiff,*

v.

DONNA HANSBERRY, *et al.*,

*Defendants.*

Civil Action No. 17-752 (LLA)

## <u>MEMORANDUM OPINION AND ORDER</u>

In July 2024, this court granted summary judgment to the remaining Defendants in Anica Ashbourne's suit alleging violations of the Privacy Act and the Fifth Amendment stemming from Defendants' determination that she was "unsuitable" for employment with the U.S. Coast Guard. ECF Nos. 57-58.  Ms. Ashbourne now moves for the undersigned to recuse herself, ECF No. 62, and she seeks to alter or amend the court's judgment under Federal Rule of Civil Procedure 59(e), ECF No. 59.  For the reasons explained below, the court will deny both motions.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Ms. Ashbourne worked as a Senior Associate for the Coast Guard beginning in November 2014.  ECF No. 53-2 ¶¶ 1-2.  She was employed by Immersion Consulting, a contractor. *Id*. ¶ 2.  On multiple occasions in 2014, Ms. Ashbourne answered questions on an Optional Form 306, "Declaration for Federal Employment" ("OF-306"), as well as follow-up questions from a government official, concerning whether she had ever been fired from a job or had ever been delinquent on any federal debt.  *See* ECF No. 53-2 ¶¶ 3-8; ECF No. 30-5, at 214-19; ECF No. 53-1; ECF No. 30-3.  In April 2015, after Ms. Ashbourne had repeatedly answered these

questions in the affirmative and had provided further details in response to follow-up questions, *see* ECF No. 53-2 ¶¶ 3-8; ECF No. 30-5, at 214-19; ECF No. 53-1; ECF No. 30-3, the Coast Guard issued Ms. Ashbourne a letter stating that the information she had provided in her OF-306s and the results of her background investigation "raise[d] a serious question of [her] current suitability for employment," ECF No. 30-4, at 1; *see* ECF No. 53-2 ¶ 9. As a result of the Coast Guard's unsuitability determination, Immersion Consulting terminated Ms. Ashbourne's employment. *See* ECF No. 30-5, at 77.

Ms. Ashbourne filed this suit in April 2017 against the Secretary of the Treasury in his official capacity; three Treasury employees—Donna Hansberry, Donna Prestia, and Thomas Collins—in their official and individual capacities; the Secretary of Homeland Security in his official capacity; and Department of Homeland Security ("DHS") employees James Trommatter and Thomas Harker in their official and individual capacities. ECF No. 1; ECF No. 19, at 1.[1] Ms. Ashbourne alleged violations of the Privacy Act, 5 U.S.C. § 552a, and her Fifth Amendment due process rights. ECF No. 1. Defendants moved to dismiss. ECF No. 8. The court (Sullivan, J.) dismissed Ms. Ashbourne's claims against the Treasury Defendants in their individual and official capacities, as well as her claims against the DHS employees in their individual capacities. ECF No. 19, at 2-10, 23.

In June 2021, the remaining Defendants moved for summary judgment on Ms. Ashbourne's Privacy Act and due process claims. ECF No. 30. In July 2024, the court granted their motion for summary judgment. ECF No. 58. The following month, Ms. Ashbourne filed a motion to alter or amend the court's judgment under Federal Rule of Civil Procedure 59(e).

---

[1] Ms. Ashbourne named former Treasury Secretary Steven T. Mnuchin and former Homeland Security Secretary John Kelly as defendants in their official capacities. Pursuant to Federal Rule of Civil Procedure 25(d), the current Secretaries are "automatically substituted" in as parties.

ECF No. 59.  That motion is fully briefed.  ECF Nos. 59, 61.  In October 2024, Ms. Ashbourne also sought the undersigned's recusal.  ECF No. 62.

## II.    LEGAL STANDARDS

### A.    Recusal

Two federal statutes govern the recusal of judges.  The first, 28 U.S.C. § 144, provides for the recusal of a judge where a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [her] or in favor of any adverse party."  *Id.*  The second, 28 U.S.C. § 455, requires a judge to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  When assessing a recusal motion under Section 455, "courts must ask whether a reasonable and informed observer would question a judge's impartiality."  *SEC v. Bilzerian*, 729 F. Supp. 2d 19, 22 (D.D.C. 2010).

Regardless of the statute under which a motion for recusal is made, "legal disagreements with [a] district judge's rulings . . . do not afford grounds for a recusal."  *United States v. Williamson*, 903 F.3d 124, 137 (D.C. Cir. 2018).  And "[b]ecause judges are presumed to be impartial, 'the Court must begin its analysis of the allegations supporting . . . a request [for recusal] with a presumption against disqualification.'"  *Bilzerian*, 729 F. Supp. 2d at 22 (quoting *Cobell v. Norton*, 237 F. Supp. 2d 71, 78 (D.D.C. 2003)).

### B.    Rule 59(e)

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend judgment within twenty-eight days of the entry of judgment.  Such a motion is only warranted in "extraordinary circumstances."  *Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 77 (D.D.C. 2013), *aff'd*, 782 F.3d 9 (D.C. Cir. 2015).  A party may not use a Rule 59(e) motion to

"relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). And a Rule 59(e) motion that "repeat[s] unsuccessful arguments," *Slate v. Am. Broad. Cos.*, 12 F. Supp. 3d 30, 34 (D.D.C. 2013), or is made based on "[m]ere disagreement" with the court's judgment, will not survive scrutiny, *Wannall v. Honeywell Int'l, Inc.*, No. 10-CV-351, 2013 WL 12321549, at *3 (D.D.C. Oct. 24, 2013) (alteration in original) (quoting *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)).

A district court "need not" grant a Rule 59(e) motion "unless [it] finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). In assessing "clear error" in the Rule 59(e) context, "courts have required 'a very exacting standard,' . . . such that the 'final judgment must be "dead wrong" to constitute clear error.'" *Wannall*, 2013 WL 12321549, at *3 (first quoting *Bond v. U.S. Dep't of Justice*, 286 F.R.D. 16, 22 (D.D.C. 2012), then quoting *Lardner v. Fed. Bureau of Investigation*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012)). Likewise, "manifest justice" is an "exceptionally narrow concept in the context of a Rule 59(e) motion," and it "entail[s] more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Id.*

## III.    DISCUSSION

### A.    Motion for Recusal

The court begins with Ms. Ashbourne's motion for recusal, ECF No. 62, because a finding that the undersigned must recuse would preclude the undersigned from considering her Rule 59(e) motion, ECF No. 59. Ms. Ashbourne contends that the undersigned's "impartiality is called into

question" because the undersigned "misstated disputed material facts" and "failed to adhere to controlling precedent from this Circuit and the U.S. Supreme Court."  ECF No. 62, at 2. Ms. Ashbourne further argues that the undersigned's resolution of her case "endorses the same conduct" that Congress outlawed in the Civil Rights Act of 1866 and the Privacy Act of 1974 and violates the "accuracy standard" set forth in 5 U.S.C. § 552.  ECF No. 62, at 3.

Whether the court considers Ms. Ashbourne's recusal motion under Section 144 or Section 455, it fails.  Ms. Ashbourne's recusal motion focuses on her perception that the court failed to follow controlling precedent, ECF No. 62, at 5-8; relied on misrepresentations of the law, *id*. at 8; misunderstood the Privacy Act, *id*. at 10; and improperly resolved disputed facts, *id*. at 10-11.  These are the type of "legal disagreements with [a] district judge's rulings [that] do not afford grounds for a recusal." *Williamson*, 903 F.3d at 137.  And such legal disagreements, even if they were substantiated, would not be enough to make "a reasonable and informed observer . . . question [the] judge's impartiality." *Bilzerian*, 729 F. Supp. 2d at 22.

Additionally, as for Ms. Ashbourne's motion under Section 144, Ms. Ashbourne has not complied with that statute's procedural requirement that she file an affidavit substantiating her allegations.  *See* 28 U.S.C. § 144.  Thus, even if Ms. Ashbourne's motion for recusal were not improperly based solely on "legal disagreements," the court could not consider it under Section 144.  The court therefore concludes that there is no basis for recusal and, accordingly, it turns to Ms. Ashbourne's motion to alter or amend the judgment.  ECF No. 59.

### B.    Motion to Alter or Amend the Judgment

As explained, it is appropriate for a district court to grant a Rule 59(e) motion where it "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina*, 439 F.3d at 758 (quoting

*Firestone*, 76 F.3d at 1208).  Ms. Ashbourne argues that the court's decision to grant Defendants' motion for summary judgment, ECF No. 30, was "premised on a misapplication of legal principles and . . . endorses actions that Congress explicitly sought to eradicate with the enactment of the Civil Rights Act of 1866, the Fifth Amendment[,] and the Privacy Act," ECF No. 59, at 5.  She thus contends that the judgment should be altered or amended under Rule 59(e) on the "grounds of clear error" and "to prevent a manifest injustice."  ECF No. 59, at 5.  The court considers each argument in turn.

### 1.    Clear error

In the Rule 59(e) context, "courts have required . . . that the 'final judgment be "dead wrong" to constitute clear error.'"  *Wannall*, 2013 WL 12321549, at *3 (quoting *Lardner*, 875 F. Supp. 2d at 53).  "[M]ere disagreement" with a court's judgment "does not support a Rule 59(e) motion."  *Id.* (quoting *United States ex rel. Becker*, 305 F.3d at 290).  Ms. Ashbourne fails to identify a "clear error" that the court must correct.

Ms. Ashbourne posits that the court clearly erred because it failed to "follow controlling precedent," ECF No. 59, at 7-12; relied on irrelevant cases, *id.* at 13-16; and improperly resolved disputed issues of material fact, *id.* at 16-17.  But in attempting to substantiate these claims, Ms. Ashbourne neither makes new arguments nor points the court to any information to suggest that its summary judgment ruling was "dead wrong."  *Wannall*, 2013 WL 12321549, at *3 (quoting *Lardner*, 875 F. Supp. 2d at 53).  Rather, Ms. Ashbourne repackages her arguments in opposition to Defendants' motion for summary judgment and contends that the court was wrong to weigh the law and facts differently than she does.  In other words, her argument is based on "[m]ere disagreement" with the court's ruling, which is not a basis to grant Rule 59(e) relief.  *Id.* (alteration in original) (quoting *United States ex rel. Becker*, 305 F.3d at 290).

For example, Ms. Ashbourne criticizes the court's reliance on *McCready v. Nicholson*, F.3d 1, 19 (D.C. Cir. 2006), for the proposition that "generally speaking, the Privacy Act allows for correction of facts but not correction of opinions or judgments."  ECF No. 59, at 7 (quoting ECF No. 57, at 10).  She argues that the court "erroneously interpreted [the case] as it applie[s] here" because the "opinions or judgments" at issue in *McCready* were those of medical professionals and a military records correction board, and "the[] defendants [in her case] are neither medical professionals nor a military records correction board."  *Id.* at 8.  But nothing in *McCready* itself limits the uncontroversial distinction between facts and opinions to medical professionals or military personnel, nor does Ms. Ashbourne point to subsequent cases cabining *McCready*'s reach.  Accordingly, it is difficult to see how the court's reliance on *McCready* was "dead wrong."  *Wannall*, 2013 WL 12321549, at *3 (quoting *Lardner*, 875 F. Supp. 2d at 53).

Similarly, Ms. Ashbourne takes issue, ECF No. 59, at 8, with the court's determination, ECF No. 57, at 10 n.4, that *Doe v. United States*, 821 F.2d 694 (D.C. Cir. 1987), which she had cited in her opposition to Defendants' motion for summary judgment, ECF No. 53, at 1-2, is distinguishable from her case.  Again, Ms. Ashbourne does not argue that the court failed to consider *Doe* in its opinion; instead, she merely disagrees with the court's interpretation of *Doe* as it applies to her case.  ECF No. 59, at 8.[2]

Ms. Ashbourne further asserts that the court failed to consider certain Supreme Court cases in arriving at its decision.  *Id.* at 8-10.  Setting aside the fact that the court explicitly discussed one of the cases she mentions, *see* ECF No. 57, at 9, a court does not clearly err by declining to cite every authority on which a plaintiff relies.  The court's discussion of the Privacy Act, *id.* at 9-14,

---

[2] Ms. Ashbourne's argument that the court clearly erred by relying on "[i]rrelevant [c]ases," ECF No. 59, at 13-16, fails for the same reason.

makes plain that the court considered a wide body of law in arriving at its conclusions. Ms. Ashbourne's conclusory contention to the contrary is not enough to indicate clear error.

Finally, Ms. Ashbourne argues that the court impermissibly resolved disputed issues of material fact.  ECF No. 59, at 16-17.  However, a quick review of these so-called "fact issues" reveals that Ms. Ashbourne is actually challenging several of the court's legal determinations—again, with no more explanation than her assertion that the court was wrong and she is right.  *See id*.  Once again, Ms. Ashbourne's "[m]ere disagreement" with the court's legal determinations is not enough to suggest the presence of a clear error.  *Wannall*, 2013 WL 12321549, at *3 (alteration in original) (quoting *United States ex rel. Becker*, 305 F.3d at 290).

## 2.    Manifest injustice

Ms. Ashbourne also posits that the court's decision constitutes "manifest injustice" because it is "morally untenable" and leaves her "without recourse against the defendants' unsubstantiated accusations."  ECF No. 59, at 6.  As explained, "manifest justice" is an "exceptionally narrow concept in the context of a Rule 59(e) motion" that "entail[s] more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law."  *Wannall*, 2013 WL 12321549, at *3.  Ms. Ashbourne fails to make this showing.

Most of Ms. Ashbourne's argument boils down to an assertion that, because the court disagrees with her interpretation of the law, it has committed a manifest injustice.  *See* ECF No. 59, at 5-6.  Were that the standard, every losing party would be entitled to relief under Rule 59(e). But, again, a party's "[m]ere disagreement" with the court's ruling is not enough to demonstrate that a manifest injustice has occurred.  *Wannall*, 2013 WL 12321549, at *3 (alteration in original) (quoting *United States ex rel. Becker*, 305 F.3d at 290).

To the extent that Ms. Ashbourne argues more narrowly that she has been denied due process and that this denial amounts to "manifest injustice," *see* ECF No. 59, at 6, the court has already addressed her concern at length in its opinion, ECF No. 57, at 14-17.  Ms. Ashbourne's disagreement with the court's determination does not make it "fundamentally unfair in light of governing law."  *Wannall*, 2013 WL 12321549, at *3.

## IV.     CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Ms. Ashbourne's Motion for Recusal, ECF No. 62, and Motion to Alter or Amend Judgment, ECF No. 59, are **DENIED**.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:   February 19, 2025